IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
ESTATE OF ARTURO GIRON ALVAREZ    *
 by and through Maria Ana Giron
 Galindo as Administrator,        *

            Plaintiffs             *

            vs.                    *   CIVIL ACTION NO. MJG-15-950

THE JOHNS HOPKINS UNIVERSITY       *
ET AL,
            Defendants             *

*     *     *     *     *     *     *     *     *
```

MEMORANDUM RE: INITIAL PROCEDURAL ORDER
---

The Court has before it Defendants' Motion for Preliminary Case Management Order [ECF No. 159] and the materials submitted relating thereto. A conference was held regarding the motion on February 5, 2018.

The 842 Plaintiffs present claims in six Categories:

| | |
|---|---|
| Category 1 | "Direct Plaintiffs": Guatemalans who were unknowingly, and without their consent, infected with syphilis as part of the Guatemala Experiments. |
| Category 2 | "Spouses": Guatemalans who did not have syphilis before he or she married or had sexual contact with a Direct Plaintiff, and who was infected with the disease through sexual contact with the Direct Plaintiff. |
| Category 3 | "Children": the sons and daughters of a Direct Plaintiff or the spouse of the son or daughter of a Direct Plaintiff and Spouse. |
| Category 4 | "Descendants": the grandchildren or great-grandchildren of a Direct Plaintiff. |
| Category 5 | "Wrongful Death Plaintiffs": the Parent, Spouse or |

>               Child of a Deceased Plaintiff who died as a result
>               of syphilis acquired as a result of the Guatemala
>               Experiments.[1]
>
> Category 6    "Estate Plaintiffs": Estates of Guatemalans who
>               died as a result of syphilis acquired as a result
>               of the Guatemala Experiments.  The claims of all of
>               these "Estate Plaintiffs" are being brought by
>               their heirs, next of kin, or personal
>               representatives.

All claims are based upon alleged nonconsensual medical experimentation conducted by certain individuals in the 1940s in Guatemala.  There appears to be little dispute that certain individuals did perform the acts on which the claims are based.  However, there are disputes about whether Plaintiffs can establish their claims against these individuals and, if so, whether they have sufficient evidence to impose legal responsibility upon the Defendants: (1) Johns Hopkins, (2) The Rockefeller Foundation, and (3) Bristol-Myers Squibb Company.

In view of the number of claims and the need for extensive discovery into events occurring more than 75 years ago, the Court finds it beneficial to conduct the litigation to lead toward efficient determination of which of Plaintiffs' claims, if any, can survive summary judgment and which Defendant(s), if any, face claims that must proceed to trial against them.  The Court agrees with the parties that a case management order is necessary to reduce any unnecessary discovery and to efficiently

---

[1]   All Wrongful Death Plaintiffs are also members of Categories 1, 2, 3, 4, and/or 6.

determine which Plaintiffs and which claims can survive Defendants' summary judgment motions.[2] However, the Court will not enter the <u>Lone Pine</u> order as requested by Defendants.

The parties agree that there are two separate portions of the case, each of which must now be subject to discovery. These two portions are: (1) whether there is any Plaintiff with a claim within each Category that could survive summary judgment and proceed to trial and (2) whether any Defendant may have evidence adequate to be granted summary judgment establishing non-liability.

The Court has delegated discovery management to Magistrate Judge Gesner because the discovery necessary will be extensive and may require a significant amount of judicial management.

<u>Plaintiffs' Claims</u>

The Court wishes to avoid any need for extensive discovery into the individual claims of each of the 842 Plaintiffs. However, it recognizes that Defendants are entitled to full discovery with regard to any claim that shall proceed to trial. The Court finds it appropriate to require Plaintiffs to select at least one, and no more than three, Plaintiffs (to be called

---

[2] The Court has the authority to "adopt[] special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." Fed. R. Civ. P. 16.

3

"Selected Plaintiffs") in each of the six Categories of claims and allow Defendants to engage in full discovery regarding the Selected Plaintiffs. Once discovery is complete, Defendants can, if appropriate, seek summary judgment for the entire Category of claims made by the Selected Plaintiffs.

Defendants seek to have Plaintiffs provide them with an initial statement of the basis upon which each Plaintiff was named in the Complaint and to produce existing documents supporting the decision to name the individual as a Plaintiff. Plaintiffs have stated that they can do this within 60 days. The parties recognize that the initial basis would be provided for informational purposes only and may be utilized in regard to inter-party communications, meet and confers, and perhaps in procedural suggestions to the Court, but not prematurely as a basis for summary judgment.

It is presently anticipated that Defendants will seek summary judgment with regard to the claims asserted by the Selected Plaintiffs. Should the Defendants be entitled to summary judgment with regard to all Selected Plaintiffs asserting a Category of claims, Defendants shall be granted summary judgment with regard to <u>all</u> claims asserted within that Category. Should Defendants fail to obtain summary judgment with regard to one or more Selected Plaintiffs, that

circumstance would not resolve the claims asserted by other Plaintiffs within the Category.

Defendant's Liability

Plaintiffs will need to engage in discovery to obtain evidence to support their contentions that the Defendants should be held liable for the actions of certain individuals who caused the losses claimed by Plaintiffs.  This may include discovery from archives or documents dating back to the 1940s.  Defendants state that they will cooperate professionally with Plaintiffs in regard to these discovery requests.

Timing

The parties can begin discovery immediately.  Magistrate Judge Gesner has stated that she will request parties to agree to a set of informal procedures for efficient discovery management.

The Court recognizes that the parties cannot, at this time, state their respective positions regarding the time needed for discovery or summary judgment motions.  However, they have agreed to participate in a case planning conference with the Court to be held approximately May 5, 2018 to address the scheduling of further matters.

Procedures

The Court is issuing herewith the Initial Procedural Order that shall lead to a case planning conference to be held about May 5, 2018.  The parties have stated their intention to meet and confer prior to the case planning conference.  Magistrate Judge Gesner and the undersigned Judge shall also be available to confer with the parties prior to the case planning conference if necessary.

SO ORDERED, this Monday, February 05, 2018.

>                  /s/
>           Marvin J. Garbis
>      United States District Judge