UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Estate of Arturo Giron Alvarez, et al.,<br><br>                                        Plaintiffs,<br><br>v.<br><br>The Johns Hopkins University, et al.,<br><br>                                        Defendants. | Case Nos.  1:15-cv-950-MJG<br>                    1:15-cv-1100-MJG |

## STIPULATION AND ORDER AS TO CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED AND AGREED, by and among the parties to the above-captioned action (the "Action"), through their respective counsel, that discovery may involve the production of documents and things that contain confidential information and testimony from witnesses that concern matters of a confidential nature, and to protect the confidentiality of such information of the parties and third-party witnesses, the parties hereby reach the following agreement for the protection of information, documents and other things produced or given as part of the disclosure, discovery or litigation process in this Action.

1. Definitions:

    a. "Confidential Material" shall mean Discovery Material designated as Confidential pursuant to Paragraphs 2-4 of this Stipulation and Order.

    b. "Designating Entity" shall mean any Producing Entity who designates Discovery Material as Confidential.

    c. "Discovery Material" shall mean any documents, writings, recordings, photographs, electronic data, or other materials, interrogatory answers, testimony, transcripts, or other information produced or disclosed by any Producing Entity, and the contents thereof, in discovery in this Action.

    d. "Privilege" shall mean the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege or doctrine that may apply to any Discovery Material.

1

  e.  "Producing Entity" shall mean any party or third party who produces Discovery Material to any party in connection with this Action.

  f.  "Receiving Party" shall mean any party who receives Discovery Material in this Action.

2. A Producing Entity may designate as Confidential the whole or that portion of any Discovery Material that the Producing Entity in good faith believes constitutes or contains confidential information, which includes trade secret, confidential research, development, commercial information, or other information that is not publically available, information subject to a legally cognizable right of privacy, or any information that the Court, after appropriate notice and an opportunity for the parties to be heard, for good cause shown, determines shall be treated as Confidential pursuant to this Stipulation and Order. Once Discovery Material is so designated, production or disclosure of that Discovery Material shall be governed by the terms of this Stipulation and Order unless such designation is withdrawn, either by prior written consent of the Designating Entity or by order of the Court. For purposes of this Stipulation and Order, any Confidential designation shall thereafter include all copies of such materials delivered to or maintained by the Receiving Party, its counsel and experts, as well as all summaries, studies, reports, exhibits, illustrations, or other materials or communications of any kind, created by experts, consultants or others, revealing, in whole or in part, the contents of such Confidential Material.

3. Documents and other materials may be designated as Confidential by placing or affixing on each page of such documents or other materials (in such a manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent. Electronically stored information ("ESI") may be designated as Confidential in the following manners: for email and non-email ESI being produced in single-page TIFF format and corresponding document-level extracted text format in a Concordance load file, by placing or

affixing on each TIFF image (in such a manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent; for Excel spreadsheets or other ESI being produced in native format, by either: (a) placing or affixing a "CONFIDENTIAL" notice or the equivalent on the device containing the ESI (such as a disk or thumb drive), (b) placing or affixing on each "slip sheet" containing the bates number for the native a "CONFIDENTIAL" notice or the equivalent, or (c) specifying in writing at the time such device is delivered to the Receiving Party which portions of the ESI therein are designated as Confidential.

4.   Testimony given at a deposition may be designated as Confidential either: (a) by making a statement to that effect on the record during the deposition; or (b) in writing delivered to all parties within thirty (30) calendar days of receipt of a final transcript or recording, listing the specific pages and lines of the transcript or recording being designated as Confidential. Until the expiration of such 30 day period, every deposition transcript shall be treated as Confidential hereunder.

5.   Except with the prior written consent of the Producing Entity, any Discovery Material designated as Confidential shall be used by the Receiving Party only for purposes of this Action and for no other purposes, and may not be used or disclosed except as provided in this Stipulation and Order.

6.   Except with the prior written consent of the Producing Entity, no Discovery Material designated as Confidential and no information contained therein may be disclosed to any person other than the following:

    a.   The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function in this Action;

    b.   Officers, directors, trustees, or employees of a party to this Action, as well as any party to this Action;

c. Outside counsel of record and in-house counsel for the respective parties to this Action, including necessary contract attorneys, paralegals, secretarial, clerical and litigation support or document reproduction service personnel assisting such counsel;

d. Any mediator or arbitrator that the parties have agreed in writing to use or have been ordered to use in connection with the Action;

e. Non-party experts or consultants retained in good faith to assist the parties in connection with the Action, provided that prior to the time that such expert or consultant is given access to Confidential Material, such expert or consultant is provided with a copy of this Stipulation and Order and such expert or consultant executes an undertaking in the form of Exhibit A hereto agreeing to be bound by this Stipulation and Order, which undertaking shall be retained by counsel for the party who engaged such expert or consultant;

f. Any and all witnesses and their counsel during testimony (including depositions) in the Action;

g. Any person who authored, received or otherwise has been provided access (in the ordinary course, outside the context of this Action) to the Confidential Material;

h. Any other person whom a party designates as a potential witness at deposition or at trial, provided that the person is provided with a copy of this Stipulation and Order and such person executes an undertaking in the form of Exhibit A hereto agreeing to be bound by this Stipulation and Order;

i. Court reporters, stenographers or video operators at depositions, court or arbitral proceedings in the Action at which Confidential Material is disclosed;

j. Clerical and data processing personnel involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving and review of Confidential Material, to the extent reasonably necessary to assist the parties or their counsel in connection with the Action;

k. Any other person whom counsel for the parties agree in writing should have access to such Confidential Material, provided that the person is provided with a copy of this Stipulation and Order and such person executes an undertaking in the form of Exhibit A hereto agreeing to be bound by this Stipulation and Order; and

l. Any other person designated by the Court, upon such terms as the Court may deem proper.

7. Nothing in this Stipulation and Order shall limit any Producing Entity's use or disclosure of its own Confidential Material. Nothing in this Stipulation and Order shall limit any Receiving Party's use of Confidential Material it legally obtained prior to when this Action was commenced or from any source other than a Producing Entity and not in violation of this Stipulation and Order.

8. Nothing in this Stipulation and Order shall be taken as indicating that any information is, in fact, Confidential Material or entitled to confidential treatment. The parties shall not be obligated to challenge the propriety of a Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party (the "<u>Objecting Party</u>") objects to the designation of Discovery Material as Confidential, counsel for the Objecting Party shall notify counsel for the Producing Entity in writing (the "<u>Notice</u>"). The Notice shall identify the Discovery Material to which the objection is directed and contain a short statement of the reasons for the objection. Within twenty-one (21) calendar days of the receipt of the Notice, counsel for the Producing Entity and for the Objecting Party shall meet and confer in an effort to resolve any disagreement. If the parties cannot resolve their disagreement, the Objecting Party may apply to the Court for a ruling on the Producing Entity's designation of the Discovery Material as Confidential. The Objecting Party shall bear the burden of establishing that the Discovery Material in question is not entitled to be treated as Confidential. While any such application is pending, the Discovery Material in question shall be treated as Confidential Material unless and until the Court rules otherwise on the application.

9. Nothing herein shall prevent disclosure beyond the terms of this Stipulation and Order if the Producing Entity consents to such disclosure in writing, or if the Court orders such disclosure.

10. If the Producing Entity inadvertently fails to designate any documents, materials or testimony as Confidential at the time of the production, such Producing Entity shall not be deemed to have waived, in whole or in part, any claim to such designation, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter. Any such Discovery Material shall be designated as Confidential as soon as reasonably possible after the Producing Entity becomes aware of the inadvertent failure to designate. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked. If such notice is given, all Discovery Material so designated shall be subject to this Stipulation and Order as if they had been initially designated as Confidential to the extent that such Discovery Material falls within the definition of Confidential. Within five (5) business days of receipt of the substitute copies, all Receiving Parties shall return or destroy the previously unmarked items and all copies thereof.

11. If any Confidential Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Producing Entity of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including without limitation the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

12. Nothing in this Stipulation and Order shall require disclosure of any material that the Producing Entity contends is protected from disclosure by Privilege.

13. The inadvertent production of any document or information protected by, or claimed to be protected by Privilege, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of Privilege the Producing Entity would otherwise be entitled to assert. If a claim of inadvertent production of Privileged material is made with respect to information then in the custody of a Receiving Party, the Receiving Party shall promptly return the information and, except as provided below, all copies thereof within ten (10) calendar days to the claiming party and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel. If a Receiving Party believes the document or information is not a document or information as to which a Privilege would apply, or disagrees that the production of such document or information was inadvertent, the Receiving Party shall return the document or information as provided above but may retain a single copy of the document or information solely for purposes of moving to compel. In the event of such a disagreement, the parties shall meet and confer in an effort to resolve the disagreement. If the parties cannot resolve their disagreement, the returning party may move the Court for an order compelling production of the material, which motion shall be filed under seal, and said motion shall not assert as a ground for entering such an order the fact or circumstances of the production of the document unless the returning party believes in good faith that the production was not inadvertent.

14. Any party or non-party proposing to file a document with the Court that contains or discloses Confidential Material shall do so either: (a) under seal; or (b) publicly but only after giving the Designating Entity at least ten (10) business days' prior notice of the Confidential Material proposed to be contained or disclosed in such filing in order to permit the Designating Entity to make an application to the Court to have the filing made under seal. While any such

application is pending, the Discovery Material in question shall be treated as Confidential Material and shall not be publicly filed except in redacted form (with all references to Confidential Material redacted) unless and until the Court rules otherwise on the application.

15. In the event that any Confidential Material is referenced or used in any pre-trial proceedings before the Court in this Action (including but not limited to conferences, oral arguments, or hearings), the material shall not lose its status as Confidential Material through such reference or use.

16. If any Receiving Party or its counsel is served with a subpoena or other notice compelling the production of Confidential Material, such party or its counsel shall give prompt written notice to the Producing Entity sufficiently in advance of the requested production date so as to allow for an opportunity to object to production.

17. The terms of this Stipulation and Order shall remain in full force and effect until the Action is finally resolved, that is until all appeals relating to the Action have been exhausted and the time to appeal has expired ("<u>Final Resolution</u>").  Upon Final Resolution, the Producing Entity may request that the Receiving Party destroy all Confidential Material, other than Confidential Material filed in the case or used as an exhibit at a trial, hearing, or deposition.

18. Any person or entity receiving Confidential Material under the terms of this Stipulation and Order hereby agrees to subject himself, herself or itself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Stipulation and Order.

19. Third-party witnesses are entitled to rely upon the protections provided by this Stipulation and Order and are intended third-party beneficiaries hereof.

[remainder of page intentionally left blank]

GOODELL, DEVRIES, LEECH & DANN, LLP
By: ___*/s/ James Frederick*___ signed by A. Caplis with permission of J. Frederick
James A. Frederick
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: 410-783-4000

BEKMAN, MARDER & ADKINS, LLC
By: ___*/s/ Paul Bekman*___ signed by A. Caplis with permission of P. Bekman
Paul D. Bekman (Bar No. 00019)
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201

*Counsel for Plaintiffs*

PATTERSON BELKNAP WEBB & TYLER LLP
By: ___*/s/ Robert LoBue*___ signed by A. Caplis with permission of R. LoBue
Robert P. LoBue
1133 Avenue of the Americas
New York, NY 10036

*Counsel for The Rockefeller Foundation*

HOGAN LOVELLS US LLP
By: ___*/s/ Lauren Colton*___ signed by A. Caplis with permission of L. Colton
Lauren S. Colton (Bar No. 26503)
100 International Drive, Suite 2000
Baltimore, MD 21202

*Counsel for The Johns Hopkins Defendants*

KING & SPALDING LLP
By: ___*/s/ Ashley Parrish*___ signed by A. Caplis with permission of A. Parrish
Ashley C. Parrish
1700 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006

*Counsel for Bristol-Myers Squibb*

**SO ORDERED:**

This _____ day of _____, 2019.

_____
Beth P. Gesner
Chief Magistrate Judge
United States District Court
District of Maryland

9