

Hogan Lovells US LLP
Harbor East
100 International Drive
Suite 2000
Baltimore, MD 21202
T  +1 410 659 2700
F  +1 410 659 2701
www.hoganlovells.com

March 28, 2019

**VIA CM/ECF**
United States District Judge Chuang
United States District Court, District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

Re: **Estate of Arturo Giron Alvarez, et al. v. The Johns Hopkins University et al, Civ. No.: TDC-15-950:** *Pre-Motion Notice and Request for Pre-Motion Conference*

Dear Judge Chuang:

Pursuant to ECF No. 180, we write on behalf of all defendants to provide notice of Defendants' Motion for Discovery and Motion for Sanctions ("Motion") and request for pre-motion conference. For the reasons fully discussed below, defendants' Motion is premised on colorable, good-faith arguments and is not frivolous or brought for any improper purpose.  The parties have not met and conferred, as defendants do not believe that the matters at issue can be resolved without a motion. Defense counsel has, however, notified Mr. Bekman of this filing in advance.

## I. Plaintiffs' Claims are Based on Manufactured Evidence, False Sworn Statements and Unsupportable Allegations.

While hyperbole pervades litigation and lawyers sometimes are too quick to accuse their opponents of "bad faith" or "fraud", unfortunately, in this case, such strong language accurately describes a true abuse of the judicial process.  Plaintiffs seek to recover one billion dollars against defendants for reprehensible experiments conducted by the United States and Guatemala governments more than 70 years ago.  For years, plaintiffs' counsel represented that they had carefully investigated their claims. They repeatedly promised that evidence would be produced showing that each one of the 842 named plaintiffs could be traced back to an individual who contracted syphilis directly from the Guatemala Experiments.  And on the basis of those representations, the Court allowed this litigation to proceed.  It is now clear that plaintiffs' counsels' representations were false.  Recent discovery revealed that plaintiffs' claims are based on manufactured evidence, false sworn statements, and unsupportable allegations that even a cursory investigation would have shown were unfounded.

The deep fault lines in this case were confirmed during the recent deposition of Dr. Abdiel Aguirre Orozco, plaintiffs' designated expert.  Dr. Orozco allegedly conducted the blood tests that the Third Amended Complaint ("TAC") relied on to allege that individual plaintiffs had contracted syphilis from the Guatemala Experiments.  At the beginning of the second day of Dr. Orozco's deposition, plaintiffs' counsel announced that: (1) Dr. Orozco had testified falsely on material matters and would be withdrawn as an expert witness; and (2) whole categories of plaintiffs would be dropped from this case—the second time plaintiffs' counsel dropped groups of plaintiffs *en masse* when discovery loomed.  Plaintiffs' counsel attempted to terminate the deposition of Dr. Orozco to prevent further inquiry.  When the deposition continued by the order of Judge Gesner, however, Dr. Orozco was

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante   Amsterdam   Baltimore   Beijing   Birmingham   Boston   Brussels   Colorado Springs   Denver   Dubai   Dusseldorf   Frankfurt   Hamburg   Hanoi   Ho Chi Minh City   Hong Kong   Houston   Johannesburg   London   Los Angeles   Luxembourg   Madrid   Mexico City   Miami   Milan   Minneapolis   Monterrey   Moscow   Munich   New York   Northern Virginia   Paris   Perth   Philadelphia   Rio de Janeiro   Rome   San Francisco   São Paulo   Shanghai   Silicon Valley   Singapore   Sydney   Tokyo   Warsaw   Washington DC   Associated offices: Budapest   Jakarta   Shanghai FTZ   Ulaanbaatar   Zagreb. Business Service Centers:  Johannesburg   Louisville.  For more information see www.hoganlovells.com

forced to admit—after initially denying—that he had lied again and that material portions of his expert report had been copied, without attribution, from internet sources. While the plagiarized portions were copied verbatim from unrelated publications, the report falsely implied that the laboratory tests described were performed on the plaintiffs and that their results supported the claims in this case. These developments leave unanswered whether *any* laboratory tests were performed on *any* plaintiffs, and if so, when they were performed, by whom, and with what result.

On March 11, 2019, almost four years after filing this lawsuit, plaintiffs' counsel confirmed to the Court and defendants that they intend to drop the claims of hundreds of plaintiffs. As a result, after years of costly litigation, plaintiffs' counsel proposed to proceed with only 157 of the 842 plaintiffs identified in the TAC, and with only 5 of the original 18 "Selected Plaintiffs" chosen unilaterally by plaintiffs' counsel (under a procedure ordered by Judge Garbis). But these numbers do not tell the whole story. The proposed transformation of the case, coupled with a much larger pattern of litigation abuse—including, at a minimum, the following—have led to the filing of this Motion:

- Days after plaintiffs' counsel withdrew Dr. Orozco as an expert witness, and merely one business day before plaintiffs' other medical expert, Dr. Pablo Werner, was scheduled to testify, plaintiffs' counsel withdrew Dr. Werner as an expert and unilaterally announced that he would not be produced for deposition, even though he is a key fact witness upon whom numerous allegations in the TAC are based.[1]

- Numerous non-English speaking plaintiffs testified at their depositions in Guatemala that they signed sworn interrogatory answers (prepared by counsel and/or their investigators in English) without understanding their contents. Multiple falsehoods and mistakes have been identified in those answers, which are also signed by plaintiffs' counsel.

- Just days before Dr. Orozco's deposition, plaintiffs' counsel produced 19 *negative* test results, all of which purportedly date back to 2014, before the filing of the initial complaint in this action, but which were withheld in the normal course of document production. Those test results — assuming they are valid — confirm that certain plaintiffs do not have syphilis as claimed in the pleadings.

- Despite the issuance of deposition notices *duces tecum*, numerous witnesses testified their counsel never informed them of their obligation to bring relevant documents to their depositions and those documents still have not been produced despite multiple requests.

- Clara Lopez Villatoro de Paiz ("Clara Paiz"), one of the persons that plaintiffs' counsel Juan Pablo Rodriguez has described as having "led" the "investigative team" in Guatemala and who assisted plaintiffs' counsel in identifying plaintiffs, was taken into custody in Guatemala in March 2018 having been charged by the International Commission Against Impunity in Guatemala with "active bribery" in connection with a scheme to influence the selection of Guatemalan judges.

- The outsourcing of the "investigation" to Clara Paiz and others suggests that plaintiffs' counsel did not undertake reasonable efforts to ensure that only proper plaintiffs were named in their complaint. Deponents told a consistent story about how they were recruited: they met plaintiffs' counsels' investigators when they came to town looking for people whose

---

[1] On March 27, 2019, Judge Gesner has ordered the fact deposition of Dr. Werner to proceed without limitation and plaintiffs to produce documents requested in connection therewith. ECF No. 251.

- names appeared on a list. It appears likely that at least one list plaintiffs' counsel relied on was a list of names appended to the Guatemala Presidential Commission report and investigation of 2011 ("Appendix I"). Even assuming that the persons identified Appendix I are appropriate plaintiffs in this litigation, there are a number of stark discrepancies between the plaintiffs' *actual* names and the names plaintiffs' counsel identify as corresponding to their clients, thus casting substantial doubt as to whether the plaintiffs are actually the same people named on Appendix I.[2]

- The "certification" of a plaintiff and former Guatemalan school director — submitted on behalf of a number of the 60 plaintiffs alleging syphilis infection at the Puerto de San Jose School — was issued in violation of official Guatemalan government policy and was created with information provided by plaintiffs' counsels' investigators that renders its contents utterly unreliable.

To be clear, these are not the kind of discovery disputes or routine errors often seen in complex litigation. There has been no innocent "mistake." Instead, the facts indicate a wholesale abuse of the judicial process.[3]

## II. This Court Should Take Steps to Address the Litigation Abuses Committed by Plaintiffs' Counsel

Defendants are prepared to file their already drafted Motion, which asks the Court to take immediate steps to address the serious abuses that have been committed by plaintiffs' counsel and their agents and consultants. In the Motion, defendants ask the Court to require plaintiffs' counsel to reimburse defendants for the fees and expenses incurred as a result of their improper litigation conduct. In addition, the Motion seeks permission for Defendants to pursue targeted discovery to support a further anticipated motion under Rule 11.

Defendants do not seek to file this motion lightly or happily. The actions of the U.S. and Guatemala governments in the Guatemala Experiments are indefensible and clearly harmed many innocent people. And, responsibility for virtually all of the litigation misconduct falls squarely upon the shoulders of plaintiffs' counsel, not upon the plaintiffs. But serious abuse requires a serious response. Here, plaintiffs' counsel and their agents collectively have failed "the first line task of assuring the integrity of the process." *U.S. v. Shaffer Equipment Co.*, 11 F.3d 450, 462 (4th Cir. 1993). As is fully described in defendants' Motion, this case has involved, among other things: perjury, altered documents, the withholding of crucial evidence, false interrogatory answers that were certified without any plausible basis, failure to comply with deposition notices *duces tecum*, and documents created in violation of Guatemala law. Some of these acts occurred in connection with discovery, some occurred in recruiting plaintiffs, and some occurred in the manufacture of evidence. Although some misdeeds were committed by plaintiffs' experts, some by plaintiffs' counsel's investigators, and some by a former school director, all responsibility lies at the feet of plaintiffs' counsel who knew or should have known about the falsehoods defendants ultimately uncovered. They are the ones who have cut ethical corners to protect this mass action. There could be no more fitting case for the Court to exercise its inherent authority to impose sanctions.

---

[2] For example: Antonio Caal Ramirez vs. Antonio Ramirez Caal; Fidel Catun Xe v. Fidel Catu; Juan Alvarado Pena v. Juan de Dios Alvarado; Jose Victoriano Cruz Estrada v. Victorino de la Cruz.

[3] Perhaps more disturbing is how the plaintiffs themselves have been treated in this litigation. At depositions conducted in Guatemala this February, several plaintiffs testified that they were not advised that the purpose of the blood testing conducted on them was to determine whether they had syphilis (several plaintiffs thought they were taking a paternity test). And, incredibly, several plaintiffs were not informed of the test results–many of which were conducted more than four years ago. Thus, those plaintiffs who allegedly tested positive for syphilis had no understanding of the need to obtain treatment or to avoid infecting others.

Because the proposed motion also seeks leave to conduct certain discovery, we are also filing this letter with Chief Magistrate Judge Gesner.

Respectfully Submitted,

/s/

Lauren S. Colton, Esq.

Partner
lauren.colton@hoganlovells.com

cc:   Chief Magistrate Judge Gesner
      Counsel of Record