# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| ESTATE OF ARTURO GIRON ALVAREZ, THE 773 INDIVIDUALS IDENTIFIED ON EXHIBIT 1 TO THE COMPLAINT and UNKNOWN USE PLAINTIFFS,<br><br>Plaintiffs,<br><br>v.<br><br>THE JOHNS HOPKINS UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY SCHOOL OF MEDICINE, THE JOHNS HOPKINS HOSPITAL, THE JOHNS HOPKINS BLOOMBERG SCHOOL OF PUBLIC HEALTH, THE JOHNS HOPKINS HEALTH SYSTEMS CORPORATION, THE ROCKEFELLER FOUNDATION and BRISTOL-MYERS SQUIBB COMPANY,<br><br>Defendants. | Civil Action No. TDC-15-0950 |

## MEMORANDUM ORDER

On January 3, 2019, this Court issued a Memorandum Opinion and Order denying a Motion for Judgment on the Pleadings filed by Defendants. On February 1, 2019, Defendants the Johns Hopkins University, four affiliated entities, and Bristol-Myers Squibb Company filed a Motion to Certify Interlocutory Appeal, requesting that the Court certify its January 3, 2019 Order for an interlocutory appeal under 28 U.S.C. § 1292(b). Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

A district court may certify for appeal an order that is not otherwise appealable if it concludes (1) that the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b) (2012). Piecemeal interlocutory appeals should be "avoided" because review of non-final judgments is "effectively and more efficiently reviewed together in one appeal" at the end of litigation. *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993). Since certification under § 1292(b) should be granted "sparingly," the statute's requirements must be "strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). Plaintiffs do not contest that the Order at issue involved "a controlling question of law." At issue are the other two prongs of § 1292(b).

If "controlling law is unclear," there may be substantial grounds for difference of opinion for purposes of § 1292(b). *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Therefore, courts find substantial grounds "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* However, the "mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). Lack of unanimity among courts, *North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995), and a lack of relevant authority, *Union County v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 647 (8th Cir. 2008), do not suffice. Similarly, a party's disagreement with the decision of the district court, no matter how strong, does not create substantial grounds. *Couch*, 611 F.3d at 633.

In this case, the Court's Order addressed the question of whether domestic corporations can be defendants under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, in light of the United

States Supreme Court's decision in *Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386 (2018), which foreclosed claims brought under the ATS against foreign corporations. *Id.* at 1407. The Supreme Court was closely divided as to foreign corporate liability and left unresolved a circuit split regarding whether liability for domestic corporations is permissible under the ATS. *See id.* at 1396, 1407. The United States Court of Appeals for the Second Circuit has held that corporate liability is not available under the ATS. *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 145 (2d Cir. 2010). The court's primary reasoning was that the issue of liability under the ATS is governed by customary international law, and that corporate liability is not a universal international norm. *Id.* at 118, 120, 130, 145. In contrast, the United States Court of Appeals for the Ninth Circuit, before *Jesner*, held that corporate liability is available under the ATS. *Doe I v. Nestle USA, Inc.*, 766 F.3d 1013, 1021–22 (9th Cir. 2014). The court reasoned that "there is no categorical rule of corporate immunity or liability" and whether a corporation can be subject to ATS liability is analyzed in reference to the violation of customary international law alleged by the plaintiff. *Id.* at 1022. Other circuits reached the same conclusion. *Doe VIII v. Exxon Mobil Corp.*, 654 F.3d 11, 40–57 (D.C. Cir. 2011) (concluding that under the ATS, domestic law supplies the source of law on the question of corporate liability), *vacated on other grounds*, 527 F. App'x 7 (D.C. Cir. 2013); *Flomo v. Firestone Nat. Rubber Co.*, 643 F.3d 1013, 1021 (7th Cir. 2011). Following *Jesner*, the Ninth Circuit reaffirmed its position as to domestic corporations on the grounds that *Jesner* related only to foreign corporations. *See Doe v. Nestle S.A.*, 906 F.3d 1120, 1124 (9th Cir. 2018). The United States Court of Appeals for the Fourth Circuit has not yet weighed in on whether domestic corporate liability is available under the ATS. *See Al Shimari v. CACI Premier Tech., Inc.*, 758 F.3d 516, 525 n.5 (4th Cir. 2014) (before *Jesner*, noting that the question of corporate liability under the ATS was not before the court).

Although the Second Circuit has been the only circuit to bar domestic corporate liability under the ATS, the plurality in *Jesner* stated that the Second Circuit position had "considerable force and weight." *Jesner*, 138 S. Ct. at 1400 (plurality opinion). Moreover, the *Jesner* majority focused on the importance of Congress's role in "imposing a new substantive legal liability." *Jesner*, 138 S. Ct. at 1402 (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). At this point, it is undisputed that Congress has not codified a cause of action under the ATS against domestic corporations. Thus, although *Jesner* did not address or resolve the question of whether domestic corporate liability is available under the ATS, it provides some support for the Second Circuit's position and highlights the continuing circuit split on this issue. Under these circumstances, the Court concludes that there is "substantial ground" for difference of opinion. *See Couch*, 611 F.3d at 633.

Under the material-advancement prong, certification of an interlocutory appeal is appropriate only "in exceptional situations in which doing so would avoid protracted and expensive litigation." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. 1989) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *see Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (holding that an interlocutory appeal would materially advance resolution of litigation where reversal by the appellate court would dismiss one defendant and resolve multiple claims against all defendants, even though it would not resolve the entire case). Here, although the period for fact discovery has ended, expert discovery is ongoing, discovery issues remain, and discovery motions remain to be resolved. Going forward, the parties have signaled that extensive pre-trial dispositive motions will be filed. If the case proceeds to trial, it will likely require testimony by foreign witnesses and multiple expert witnesses. Where all Defendants are domestic corporations, if the Fourth Circuit were to

rule in Defendants' favor on the issue of domestic corporate liability under the ATS, such an order would result in the dismissal of all claims against all defendants, rather than only forcing litigation to restart in state court, *see Hall v. Greystar Mgmt. Servs., L.P.*, 193 F. Supp. 3d 522, 528 (D. Md. 2016) (declining to certify an appeal under § 1292(b)), or resolving only one, noncontrolling issue that would not dispose of the entire case. Such a ruling would "materially advance" the resolution of the litigation. 28 U.S.C. § 1292(b).

Accordingly, the Court finds that the three requirements of § 1292(b) are met and will grant Defendants' Motion to certify the Order denying their Motion for Judgment on the Pleadings for interlocutory review. Although Defendants have stated that they are seeking a stay of proceedings pending any appeal, an appeal under § 1292(b) "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." *Id.* The Court will not grant a stay at this time. Although fact discovery is largely complete, a stay would disrupt the current momentum toward resolving remaining discovery disputes, completing any resulting follow-up fact discovery, and completing expert discovery. To stop that process now and restart it after an appeal would be particularly inefficient. Furthermore, where this case is more than four years old and certain Plaintiffs are elderly and ill, unnecessary delay in the district court proceedings would be unjust in that it could hamper the parties' ability effectively to present their case at trial. The Court therefore will not stay the proceedings pending any interlocutory appeal. To the extent that any such appeal remains unresolved when the case is ready to proceed to trial, the parties may seek leave to request a stay at that time.

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motion to Certify Interlocutory Appeal, ECF No. 213, is GRANTED.

2. The Court certifies an interlocutory appeal of the Court's ruling on the Motion for Judgment on the Pleadings, ECF Nos. 202, 203, specifically, the issue whether domestic corporate liability is available under the Alien Tort Statute.

Date: April 23, 2019

THEODORE D. CHUANG
United States District Judge