# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ESTATE OF ARTURO GIRON ALVAREZ, et al.,

    Plaintiffs,

v.      Civil No.: TDC-15-950

THE JOHNS HOPKINS UNIVERSITY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On March 27, 2019, plaintiffs filed a Motion to Compel Defendants to Respond to Requests for Production of Documents, Interrogatories, Requests for Admissions, Notice of Designee Depositions, and Requests for Entry and Inspection of Defendants' Archives ("Motion") (ECF No. 252) which was opposed by defendants (ECF No. 264). On May 21, 2019, I granted this Motion in part, denied this Motion in part, and reserved ruling on plaintiffs' request for information from the 1930s and early 1940s relating to the involvement of the Johns Hopkins defendants and The Rockefeller Foundation ("TRF") in the Tuskegee and Terre Haute syphilis studies.[1] (ECF No. 294). On this issue, I requested that the parties provide supplemental briefing on their respective positions. (ECF No. 283). I have since received plaintiff's Supplemental Brief (ECF No. 291) and defendants' Supplemental Brief in Opposition to Plaintiffs' Motion to Compel ("Supplemental Brief") (ECF No. 304).

---

[1] While it is unclear from plaintiffs' Motion whether they seek such discovery from defendant Bristol-Myers Squibb ("BMS") as well, as noted by defendants, "[t]here are no allegations in the Third Amended Complaint connecting BMS to the Tuskegee and Terre Haute experiments," and plaintiffs do not mention BMS in their supplemental brief. (ECF No. 304 at 4). Accordingly, I will only consider plaintiffs' request for information relating to the involvement of the Johns Hopkins defendants and TRF.

1

In their Motion, plaintiffs state that they requested documents concerning defendants' and their agents' involvement in the Tuskegee and Terre Haute syphilis studies in their Requests for Production of Documents. (ECF No. 252 at 12). In support of this request, plaintiffs alleged that their "central theory of the case is that the Guatemala experiments were the logical extension of the other two experiments, and were orchestrated by the same group of researchers given the failures and limitations they faced in the other two studies." (ECF No. 252 at 6). Accordingly, plaintiffs argued, "[d]iscovery about Tuskegee and Terre Haute, and the role [d]efendants and their agents played in both of those studies, is therefore directly relevant to this case, and absolutely necessary in order for [p]laintiffs to adequately present their theory to the jury at trial." Id. In their Joint Opposition, however, defendants stated that "the alleged involvement of certain defendants' employees in other venereal disease research, including the Terre Haute and Tuskegee Experiments," does not support plaintiffs' theory of the case, noting that the Presidential Commission for the Study of Bioethical Issues ("PCSBI") found that it was the government's Venereal Disease Research Laboratory, rather than any defendant, that "found an opportunity to undertake this work in 1946 in Guatemala." (ECF No. 264 at 5 (quoting PCSBI Report at 13, 25)).

In their Supplemental Brief, plaintiffs allege that Dr. Moore, a professor at the Hopkins School of Medicine and director of Hopkins' Venereal Disease Division, and Dr. Parran, a member and later Chair of TRF's Board of Trustees and a Scientific Director for TRF's International Health Division, were actively involved in the Tuskegee and Terre Haute studies. (ECF No. 291 at 1–3). Plaintiffs state that the documents and information sought would provide information "about the roles Dr. Moore, Dr. Parran, and their colleagues played in Tuskegee and Terre Haute; Hopkins and Rockefeller's knowledge of these roles . . . [and] Hopkins and Rockefeller's procedures and institutional controls." (ECF No. 291 at 5). Plaintiffs further state that these documents and

information "go directly to notice, knowledge, agency, institutional control, decision-making authority, intent, absence of mistake or accident, and the existence of a conspiracy or common scheme," as well as the requirement of informed consent, the relationship of all three experiments, and the "then-existing institutional processes and procedures countering [d]efendants' stated positions." Id.

The Johns Hopkins defendants and TRF, in their Supplemental Brief, state that the Tuskegee and Terre Haute studies are not relevant to this case simply because these studies, like the Guatemala experiments, "were both conducted by the U.S. government, concerned syphilis, and involved some of the same personnel." (ECF No. 304 at 2). Specifically, the Johns Hopkins defendants state that "Dr. Moore's involvement was through his position within the U.S. government, not as a representative of any Johns Hopkins entity." (ECF No. 304 at 2–3). TRF similarly argues that Dr. Parran's alleged interest in these studies is explained by his position as the Surgeon General of the United States Public Health Service, which ran both studies. (ECF No. 304 at 4). TRF further states that it advised plaintiffs nearly a year ago that, after searching its archives, it found "no documents in its possession, custody, or control regarding planning, supporting, or implementing the Tuskegee Study of Untreated Syphilis in the Negro Male or venereal disease research conducted in Terre Haute, Indiana." Id. While the Johns Hopkins defendants do not specify whether they possess any documents related to these studies, both the Johns Hopkins defendants and TRF have offered to allow plaintiffs to search for and review documents related to these studies at their respective archives, subject to the terms of their respective protocols, in an effort to move forward with discovery. (ECF No. 304 at 5). Defendants also note that they reserve their right to object to the admissibility of any such documents at trial. (ECF No. 304 at 4–5).

Although I do not find that plaintiffs have clearly established that this discovery is relevant and proportional to the needs of the case, given defendants' offer of access to the archives, it appears that this issue is moot, as plaintiffs will have an adequate opportunity to search for and review any relevant documents. Accordingly, plaintiffs' request to compel the production of documents related to defendants' alleged involvement in the Terre Haute and Tuskegee studies (ECF No. 252) is denied.

Date: June 5, 2019                          /s/
                                                      Beth P. Gesner
                                                      Chief United States Magistrate Judge