

Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
+1  215  994  4000  Main
+1  215  994  2222  Fax
www.dechert.com

**MICHAEL H. MCGINLEY**

michael.mcginley@dechert.com
+1 215 994 2463  Direct

July 14, 2020

**VIA CM/ECF**

Hon. Theodore D. Chuang
U.S. District Court, District of Maryland
6500 Cherrywood Lane
Suite 245A
Greenbelt, MD 20770

*Re:  Estate of Alvarez, et al. v. The Johns Hopkins University, et al.*, **No. 15-cv-950**

Dear Judge Chuang:

The Rockefeller Foundation respectfully submits this letter as a follow-up to the correspondence of June 3, 2020 (ECF 437), regarding two certiorari petitions before the Supreme Court of the United States.  On July 2, 2020, the Supreme Court granted certiorari in *Nestlé USA, Inc. v. John Doe I, et al.*, No. 19-416, and *Cargill, Inc. v. John Doe I, et al.*, No. 19-453.  *See* 591 U.S. __ (2020) (attached as Exhibit A).  Both cases present two issues for review: (1) whether a federal court may impose liability on domestic corporations under the Alien Tort Statute, and (2) the nature of domestic conduct necessary to overcome the presumption against extraterritorial application of the Alien Tort Statute.  *See* Pet. at i, *Nestlé USA, Inc. v. John Doe I, et al.*, No. 19-416; Pet. at i, *Cargill, Inc. v. John Doe I, et al.*, No. 19-453.

The Supreme Court's decision, which is expected to be issued by July 2021, could be dispositive in this case.  Specifically, the first issue—liability of domestic corporations—was previously ruled upon by this Court and certified for interlocutory appeal before the U.S. Court of Appeals for the Fourth Circuit.  *See Estate of Arturo Giron Alvarez v. The Johns Hopkins University, et al.*, No. 19-1530 (4th Cir.).  The second issue—the standard for domestic activity—has been briefed in the cross-motions for summary judgment currently pending before this Court.

As set forth in the summary judgment briefing, the Rockefeller Foundation is entitled to summary judgment on a number of different bases.  However, because the Supreme Court's decision may be dispositive as to certain threshold issues, we respectfully submit that this Court should hold the pending cross-motions for summary judgment in abeyance and stay further proceedings until the Supreme Court rules in *Nestlé* and *Cargill*.  This Court's inherent authority to take such action is well established.  *See, e.g.*, *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (explaining that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); *Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (table) (unpublished) (holding that the district court was within its discretion to "stay[] proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues")



(citing *Landis v. North American Co.,* 299 U.S. 248, 254–55 (1936)). Moreover, staying this action until the Supreme Court has ruled would promote judicial economy and the efficient resolution of the case by affording this Court the opportunity to resolve the currently-pending motions in light of the Supreme Court's guidance.

The Rockefeller Foundation has conferred with the Hopkins Defendants, and they defer to the Court's determination as to the appropriateness of a stay in this case.

Respectfully submitted,

Michael H. McGinley

cc: All Counsel of Record