# BEKMAN, MARDER, HOPPER, MARLARKEY & PERLIN, LLC
### A PLAINTIFF'S TRIAL FIRM

PAUL D. BEKMAN
BEKMAN@BMALAWFIRM.COM

June 22, 2021

**By CM/ECF**
Hon. Theodore D. Chuang
U.S. District Court, District of Maryland
6500 Cherrywood Lane, Suite 245A
Greenbelt, MD 20770

**Re:** *Estate of Arturo Giron Alvarez, et al. v. The Johns Hopkins University, et al.*
No. 15-cv-950-TDC

Dear Judge Chuang:

Plaintiffs respectfully submit this letter as a response to the letter filed by Defendants on June 21, 2021 (ECF No. 447), and in anticipation of the Case Management Conference scheduled by the Court for June 24, 2021 at 9:30 am (ECF No. 448).

Plaintiffs agree with Defendants that in light of the Supreme Court's decision in *Nestle USA, Inc. v. Doe*, 593 U.S. ___ (2021) this Court should lift the stay placed on this case, but in doing so, this Court should deny Defendants' Motion for Summary Judgment and grant Plaintiffs' Cross-Motion for Summary Judgment.

In *Nestle*, the Supreme Court reaffirmed its holding in *RJR Nabisco, Inc. v. European Comty.*, 579 U.S. 325 (2016), that there is "a two-step framework for analyzing extraterritoriality issues." *Nestle*, 593 U.S. at slip op. *3 (citation omitted). When a statute does not give "a clear, affirmative indication" that rebuts the presumption against the extraterritorial application of that statute, such as is true with the Alien Tort Statute (ATS), then "plaintiffs must establish that conduct relevant to the statute's focus occurred in the United States." *Id.* at *3-4 (citations omitted). If plaintiffs establish that conduct relevant to the statute's focus occurred in the United States, "[t]hen the case involves a permissible domestic application even if other conduct occurred abroad." *Id.* at *4 (citation omitted). The Supreme Court in *Nestle*, on a motion to dismiss the complaint, concluded that the allegations of "financing decisions" contained in the plaintiffs' complaint did not sufficiently rebut the presumption against the extraterritorial application of the ATS because the complaint did not "allege more domestic conduct than general corporate activity," and "allegations of general corporate activity—like decision-making—cannot alone establish domestic application of the ATS." *Id.* at *3, 5.[1] Thus, while *Nestle* reaffirmed the holding of *RJR Nabisco*, it did not add

---

[1] Notably, the Supreme Court did not decide the dispute between the parties as to "what conduct is relevant to the 'focus' of the ATS" under the standard set by *RJR Nabisco*—"conduct that violates international law" or "conduct that directly caused the injury"—and also did not

to, or subtract from, the previously-established requirements for a permissible domestic application of the ATS when other conduct occurred abroad.

Plaintiffs have addressed the application of the *RJR Nabisco* standard to the facts here. *See* Plaintiffs' Corrected Memorandum of Law in Support of Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Cross-Motion for Summary Judgment (ECF No. 429) at *14-17. Significantly, Plaintiffs have pled **and proved** far more domestic conduct by Defendants than mere allegations of general corporate decision-making contained in the complaint of the *Nestle* plaintiffs. *See id.* at *1-12, 14-17; *see also* Plaintiffs' Corrected Memorandum of Law in Support of Plaintiffs' Cross-Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment on all Claims (ECF No. 428) at *6-28, 31-44, 64. Therefore, under *RJR Nabisco*, as explicated by *Nestle*, Plaintiffs have met the requirements for a permissible domestic application of the ATS even though other conduct occurred abroad.

Respectfully, Plaintiffs request that this Court deny Defendants' Motion for Summary Judgment and grant Plaintiffs' Cross-Motion for Summary Judgment, on the grounds previously briefed. Plaintiffs are prepared to provide further briefing in light of the *Nestle* decision if it would be of assistance to the Court.

            Respectfully submitted,

            */s/ Paul D. Bekman*
            PAUL D. BEKMAN (Fed. Bar No. 00019)
            bekman@bmalawfirm.com
            BEKMAN, MARDER, HOPPER, MALARKEY & PERLIN, LLC
            1829 Reisterstown Road, Suite 200
            Baltimore, Maryland 21208
            410-539-6633

            ***Attorneys for Plaintiffs***

cc: All counsel of record (by CM/ECF)
    Honorable Beth P. Gesner, Chief Magistrate Judge

---

decide the dispute between the parties as to the status of aiding and abetting liability under the ATS. *Id.* at *4; *see also id.* at *2 (Alito, J., dissenting).