# BEKMAN, MARDER, HOPPER, MALARKEY & PERLIN, LLC
## A PLAINTIFF'S TRIAL FIRM

PAUL D. BEKMAN
BEKMAN@BMALAWFIRM.COM

June 22, 2021

**By CM/ECF**

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

**Re:**   *Estate of Arturo Giron Alvarez, et al. v. The Johns Hopkins University, et al.*
No. 19-1530

Dear Ms. Connor:

Counsel for Plaintiffs-Appellees respectfully write in response to this Court's Order of August 6, 2020 (Doc. No. 64) to advise the Court of the Supreme Court of the United States' June 17, 2021 decision in *Nestle USA, Inc. v. Doe*, 593 U.S. ___ (2021). Based on the opinions expressed by a majority of the justices—that domestic corporate liability is permitted under the Alien Tort Statute (ATS)—Plaintiffs-Appellees respectfully request that this Court deny as moot the interlocutory appeal brought by Defendants-Appellants. A copy of the Supreme Court's slip opinion is attached for your reference.

The singular question before this Court on interlocutory appeal from the United States District Court for the District of Maryland is whether the District Court erred when it determined that *Jesner v. Arab Bank, PLC*, 138 S. Ct. 1385 (2018) did not bar suits against domestic corporations under the ATS. The individual written opinions by the justices in *Nestle* answered that question in clear fashion. Five justices wrote that they would find that any claim that could be brought under the ATS against an individual could also be brought against a domestic corporation. Significantly, Justice Sotomayor, in her opinion concurring in part and concurring in the judgment, joined by Justices Breyer and Kagan, wrote:

> Notably, Justice Thomas' alternative disposition would not answer the question this Court granted certiorari to address, *i.e.*, whether domestic corporations are immune from suit under the ATS (regardless of the kind of torts for which they are sued). For reasons similar to those articulated in my dissent in *Jesner* … I would answer this question in the negative. (So would four other Justices.) As Justice Gorsuch ably explains, there is no reason to insulate domestic corporations from liability for law-of-nations violations simply because they are legal rather than natural persons.

*See Nestle*, 593 U.S. at slip op. *8 n.4 (Sotomayor, J., concurring in part and concurring in the judgment). Justice Gorsuch, in his separate concurring opinion, and joined in this part by Justice Alito, wrote:

> [T]his Court granted certiorari to consider the petitioners' argument that the [ATS] exempts corporations from suit. Rather than resolve that question, however, the Court rests its decision on other grounds. That is a good thing: The notion that corporations are immune from suit under the ATS cannot be reconciled with the statutory text and original understanding. … All of which underscores the ATS has never distinguished between defendants.

*See Nestle*, 593 U.S. at slip op. *1, 4 (Gorsuch, J., concurring). Finally, Justice Alito, in his dissenting opinion, wrote:

> The primary question presented in the two certiorari petitions filed in these cases is whether domestic corporations are immune from liability under the [ATS]. I would decide that question, and for the reasons explained in Part I of Justice Gorsuch's opinion, which I join, I would hold that if a particular claim may be brought under the ATS against a natural person who is a United States citizen, a similar claim may be brought against a domestic corporation.

*See Nestle*, 593 U.S. at slip op. *1 (Alito, J., dissenting).

As shown, the question presented to this Court on interlocutory appeal has been answered by the individual justices of the Supreme Court. There is no mystery; following *Jesner*, a majority of the justices of the Supreme Court would permit ATS suits against domestic corporations. No other issue is before this Court on interlocutory appeal. Therefore, this Court should respectfully deny Defendants-Appellants' interlocutory appeal as moot. Plaintiffs-Appellees are prepared to provide further briefing in light of the *Nestle* decision if it would be of assistance to the Court.

                                        Respectfully submitted,

                                        */s/ Paul D. Bekman*
                                        PAUL D. BEKMAN
                                        bekman@bmalawfirm.com
                                        BEKMAN, MARDER, HOPPER, MALARKEY & PERLIN, LLC
                                        1829 Reisterstown Road, Suite 200
                                        Baltimore, Maryland 21208
                                        410-539-6633

                                        ***Attorneys for Plaintiffs***

Enclosure
cc: All counsel of record (by CM/ECF)
     Honorable Theodore D. Chuang, United States District Judge